DAVID KEARR, Appellant, v. HOMER L. BARTLETT, Respondent.

*Place of trial — an action to procure a judgment, enforcing an agreement for the exchange of real property, must be tried in the county where the property, of which a conveyance is asked, is situated — Code of Civil Procedure, sec. 982.*

In this action, brought to compel the specific performance of an agreement for an exchange of lands, the lands of the plaintiff being in the county of New York and the lands of the defendant being in the county of Kings, the defendant moved for and obtained an order changing the place of trial from the county of New York to the county of Kings.

*Held,* that the order was properly made, as the land which the plaintiff sought to have the defendant directed to convey was situated in that county.

APPEAL from an order made at Special Term, changing the place of trial of this action.

*Marston Niles,* for the appellant.

*W. J. Gaynor,* for the respondent.

Brady, J. :

The plaintiff commenced this action to secure a specific performance of an agreement for the exchange of lands situated in the counties of New York and Kings. The defendant's lands which the plaintiff seeks to recover by this action, are situated in Kings county. The defendant moved to change the place of trial from this county to Kings county and the motion was granted.

Section 982 of the Code provides that an action to procure a judgment directing a conveyance of real property must be tried in the county in which the subject of the action or some part of it is situated.

It has been decided and properly so that it must be determined by the complaint whether the action is within the section mentioned. (*Knickerbocker Life Ins. Co.* v. *Clark,* 22 Hun, 506.)

The learned counsel for the appellant seems to think that as the agreement in reference to the transfer of the property involves an exchange of lands situate in two counties the *venue* may be laid in either. This is an erroneous view, for the reason that the exchange affects the consideration to be paid, and is really a question of con-

sideration only. What the plaintiff seeks is that the defendant be directed to convey to him lands situated in the county of Kings, and that brings it clearly within the section referred to.

It is wholly immaterial whether in exchange for the lands thus sought to be secured, land in the city of New York is to form a part of such exchange.

The order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.